ATTORNEY GENERAL LOVING HAS ASKED THAT I RESPOND TO YOUR REQUEST FOR AN OPINION REGARDING PROPOSED RULE 240:10-1-2
OF THE OKLAHOMA EMPLOYMENT SECURITY COMMISSION. YOU HAVE ASKED, GENERALLY, WHETHER AN AGENCY CAN PROPERLY ENACT A RULE WHICH CONFLICTS WITH EXISTING STATUTORY LAW AND, SPECIFICALLY, WHETHER PROPOSED RULE 240:10-1-2 CONFLICTS WITH EXISTING LAW. GIVEN THE APPARENT CLARITY OF THE LAW IN THIS AREA, IT IS POSSIBLE TO ANSWER YOUR REQUEST INFORMALLY.
YOUR FIRST, MORE GENERAL QUESTION IS WHETHER OR NOT AN AGENCY, PROPERLY VESTED WITH RULEMAKING AUTHORITY, CAN, BY EXERCISING THAT RULEMAKING AUTHORITY, CREATE A POLICY WHICH ALTERS OR EVEN CONTRAVENES THE PUBLIC POLICY UNDERLYING AN EXISTING LAW. THIS ISSUE IS WELL SETTLED IN OKLAHOMA. AGENCY RULES PROMULGATED PURSUANT TO PROPER AUTHORITY MUST BE IN AID OF AND NOT IN DEROGATION OF LEGISLATIVE PURPOSE. APPLICATION OF STATE BOARD OF MEDICAL EXAMINERS, 206 P.2D 211 (OKL. 1949). AN AGENCY CANNOT, THEN, PROMULGATE RULES WHICH DIMINISH OR CONTRAVENE LEGISLATIVE PURPOSE.
TURNING TO THE SECOND PART OF YOUR REQUEST, THEN, THE QUESTION BECOMES WHETHER PROPOSED RULE 240:10-1-2
DIMINISHES OR CONTRAVENES THE POLICY BEHIND EXISTING LAW. YOU HAVE ASKED US TO ADDRESS POSSIBLE CONFLICTS WITH OKLAHOMA LAW AND WITH FEDERAL LAW. PROPOSED RULE 240:10-1-2
PROVIDES AS FOLLOWS:
"INDEPENDENT CONTRACTOR" MEANS:
 (A) ANY PERSON WHO PERFORMS SERVICES ACCORDING TO THEIR OWN METHODS ND WITHOUT CONTROL EXCEPT TO RESULTS IN AN INDEPENDENT CONTRACTOR, IF THEY
 (I) CUSTOMARILY ENGAGED IN AN INDEPENDENTLY ESTABLISHED TRADE, OCCUPATION, PROFESSION OR BUSINESS; OR (II) PERFORMING SERVICE OUTSIDE THE USUAL COURSE OF THE CONTRACTOR' BUSINESS AND OUTSIDE THE PLACES OF SUCH BUSINESS.
 (B) IN ORDER TO BE CONSIDERED WITHOUT CONTROL THE INDIVIDUAL PROVIDING THE SERVICE HALL:
(I) PROVIDE THEIR OWN TOOLS AND EQUIPMENT;
 (II) PAY THEIR OWN ORDINARY AND CUSTOMARY BUSINESS EXPENSES;
(III)RISK LOSING MONEY FROM THE CONTRACT;
 (IV) BE FREE TO HIRE THEIR OWN ASSISTANT ; AND (V) BE RESPONSIBLE FOR OBTAINING AND MAINTAINING ALL BUSINESS, TAX REGISTRATIONS AND ALL BUSINESS OCCUPATIONAL LICENSES REQUIRED BY FEDERAL, STATE, OR LOCAL LAWS AND ORDINANCES.
 (C) IF THE PERFORMANCE OF SUCH SERVICE IS GOVERNED BY A WRITTEN CONTRACT THAT CLEARLY EVIDENCES THE PARTIES INTENT TO COMPLY WITH THE PROVISIONS OF 40 O.S. 10210(14), THE RELATIONSHIP SHALL BE PRESUMED TO BE THAT OF AN INDEPENDENT CONTRACTOR UNLESS SUBSTANTIAL EVIDENCE TO THE CONTRARY EXISTS."
A REVIEW OF FEDERAL LAW IN THE AREA OF UNEMPLOYMENT COMPENSATION REVEALS THAT THERE ARE SEVERAL WAYS IN WHICH THE ABOVE PROPOSED RULE MIGHT BE VIEWED AS DIMINISHING OR CONTRAVENING THE LEGISLATIVE PURPOSE OF SEVERAL PROVISIONS OF FEDERAL AND STATE LAW. I WILL SIMPLY CATALOG THE AREAS OF POSSIBLE CONFLICT.
THE FIRST POINT OF POSSIBLE CONFLICT IS THAT PROPOSED RULE 240:10-1-2(C) APPEARS TO CONFLICT WITH FEDERAL POLICY BY PLACING THE BURDEN OF ESTABLISHING AN EMPLOYMENT RELATIONSHIP, AND THEREFORE ENTITLEMENT TO UNEMPLOYMENT COMPENSATION, ON THE INDIVIDUAL. BECAUSE STATE UNEMPLOYMENT COMPENSATION LAW PROVISIONS ARE COMPLEX, THE UNITED STATES DEPARTMENT OF LABOR HAS LONG INTERPRETED SECTION 303(A)(1) OF THE SSA TO REQUIRE THAT THE STATE AGENCY BEAR THE BURDEN OF DETERMINING THE INDIVIDUAL'S ELIGIBILITY, INCLUDING EMPLOYMENT STATUS. THIS INTERPRETATION ALLOWS INDIVIDUALS THE FULL EXERCISE OF THEIR RIGHTS TO COMPENSATION, THEREBY ACCOMPLISHING THE BASIC PURPOSE OF THE UNEMPLOYMENT COMPENSATION PROGRAM, WHICH IS TO PAY CASH BENEFIT TO INDIVIDUAL WHO ARE UNEMPLOYED THROUGH NO FAULT OF THEIR OWN.
SUBSECTION (C) OF THE PROPOSE RULE APPEAR TO CHANGE THIS BURDEN OF PROOF BY PRESUMING THAT, WHEN A WRITTEN CONTRACT IS SIGNED, AN INDEPENDENT CONTRACTOR RELATIONSHIP EXITS. INDEED UNDER THE PROPOSED RULE, SUBSTANTIAL WEIGHT IS GIVEN TO A WRITTEN CONTRACT WHICH THE INDIVIDUAL MUST REFUTE INSTEAD OF HAVING THE STATE APPLYING THE NORMAL TEST OF EMPLOYMENT STATUS.
THE WAY THAT SUBSECTION (C) OF THE PROPOSED RULE SHIFTS THE BURDEN OF PROOF IN DETERMINING WHETHER AN INDIVIDUAL I AN INDEPENDENT CONTRACTOR MIGHT BE HELD TO CONFLICT, THEN, WITH SECTION 303(A)(1) OF THE SOCIAL SECURITY ACT. IT WOULD BE DIFFICULT TO DEMONSTRATE HOW THE PASSING OF THIS BURDEN COULD BE CHARACTERIZED AS PROTECTIVE OF THE RIGHTS OF THE UNEMPLOYED INDIVIDUAL. IT IS ALSO POSSIBLE THAT THIS SHIFTING OF THE BURDEN OF PROOF MIGHT CONTRAVENE SECTION 303(A)(3) OF THE SSA. SECTION 303(A)(3) REQUIRES THAT AN INDIVIDUAL BE AFFORDED "OPPORTUNITY FOR A FAIR HEARING, BEFORE AN IMPARTIAL TRIBUNAL." IT COULD BE ARGUED THAT A HEARING WHICH PLACES AN UNDUE BURDEN ON THE INDIVIDUAL TO ESTABLISH ELIGIBILITY IS NOT A "FAIR" HEARING UNDER THE SSA.
PROPOSED RULE 240:10-1-2 ALSO APPEARS TO CONFLICT WITH FEDERAL POLICY BECAUSE THE RULE COULD BE CONSTRUED AS CREATING A WAIVER OF BENEFIT RIGHTS IN CONTRAVENTION OF FEDERAL AND STATE POLICIES AGAINST SUCH A WAIVER. SECTION 303(A)(1) OF THE SOCIAL SECURITY ACT (SSA) REQUIRES THAT THE STATE LAW PROVIDE FOR SUCH "METHODS OF ADMINISTRATION...AS ARE FOUND BY THE SECRETARY OF LABOR TO BE REASONABLY CALCULATED TO INSURE FULL PAYMENT OF UNEMPLOYMENT COMPENSATION WHEN DUE." SECTION 303(A)(5) OF THE SSA, AND SECTION 3304(A)(4) OF THE FEDERAL UNEMPLOYMENT TAX ACT (FUTA) CONSTITUTE THE SO-CALLED "WITHDRAWAL STANDARD. N THE WITHDRAWAL STANDARD LIMITS WITHDRAWALS FROM A STATE'S UNEMPLOYMENT FUND TO PAYMENTS OF COMPENSATION. SECTION 3306(H) OF THE FUTA, DEFINES THE TERM "COMPENSATION" AS "CASH BENEFITS PAYABLE TO INDIVIDUALS WITH RESPECT TO THEIR UNEMPLOYMENT."
SIGNIFICANTLY, THESE PROVISIONS HAVE BEEN INTERPRETED AS REQUIRING THAT ALL COMPENSATION BE PAID AS A MATTER OF RIGHT TO THE INDIVIDUAL. RECEIPT OF COMPENSATION MAY NOT, THEN, BE WAIVED BY AN INDIVIDUAL. THE CREATION OF A PRESUMPTION OF AN INDEPENDENT CONTRACTOR RELATIONSHIP BASED SIMPLY UPON THE EXISTENCE OF A WRITTEN CONTRACT, SUBSECTION (C) OF THE PROPOSED RULE, COULD BE CONSTRUED AS CREATING A WAIVER OF BENEFIT RIGHTS.
THE FEDERAL POLICY AGAIN TO SUCH WAIVER WAS DESIGNED TO ENSURE THAT EMPLOYER COULD NOT MANIPULATE THE UNEMPLOYMENT COMPENSATION PROGRAM BY REQUIRING INDIVIDUALS TO SIGN WAIVER FOR CONDITION OF EMPLOYMENT STATE LAW MUST ALSO PROVIDE THAT NO WAIVER, ASSIGNMENT, PLEDGE, OR ENCUMBRANCE OF ANY RIGHT TO UNEMPLOYMENT COMPENSATION HALL BE VALID IN OKLAHOMA, THIS REQUIREMENT WAS SPECIFICALLY STRENGTHENED BY THE 1984 AMENDMENTS TO TITLE 68 O.S. 1701/68 O.S. 1702/68 O.S. 1707, WHICH DEFINE CONTRACTOR IN SUCH A WAY AND ESTABLISH SUFFICIENT CONDITION TO PREVENT WAIVER
IN THE FACE OF SUCH CLEAR FEDERAL POLICY, AND DERIVATIVE STATE POLICY, AGAINST WAIVER OF BENEFITS, NO AGENCY COULD PROPERLY PROMULGATE A RULE WHICH MIGHT ACT TO ALLOW SUCH A WAIVER THE PROVISION OF SUBSECTION (C) OF THE PROPOSED RULE 240:10-1-2 COULD EASILY BE CONSTRUED AS PROMOTING A WAIVER OF COMPENSATION AND, THEREFORE, AS NOT OFFERING ANY GENUINE PROTECTION TO THE UNEMPLOYED INDIVIDUAL BY SIGNING A CONTRACT CONTAINING WAIVER LANGUAGE (LANGUAGE WHICH WOULD SOON BECOME STANDARD IN MANY AREAS OF EMPLOYMENT) THE INDIVIDUAL WOULD WAIVE THE RIGHT TO HAVE EMPLOYMENT STATUS DETERMINED UNDER THE TEST WHICH OTHERWISE WOULD HAVE BEEN USED INSTEAD, THE INDIVIDUAL'S EMPLOYMENT STATUS WILL BE PRESUMED TO BE THAT OF INDEPENDENT CONTRACTOR UNLESS SUBSTANTIAL EVIDENCE TO THE CONTRARY EXIST " WITH THE RESULT THE INDIVIDUAL WOULD BE UNLIKELY TO RECEIVE COMPENSATION
ALTHOUGH THIS DISCUSSION HAS NOT BEEN EXHAUSTIVE OF THE AREAS OF POSSIBLE CONFLICT BETWEEN PROPOSED RULE 240:10-1-2
AND STATE AND FEDERAL LAW AND POLICY, I HOPE THE ANALYSIS HAS BEEN SUFFICIENT TO ADDRESS YOUR CONCERNS AND TO ESTABLISH THAT THE PROPOSED RULE, PARTICULARLY SUBSECTION (C), COULD BE HELD TO DIMINISH OR TO BE IN CONFLICT WITH SIGNIFICANT PUBLIC POLICIES BEHIND THE FEDERAL AND STATE LEGISLATION IN THE AREA OF UNEMPLOYMENT COMPENSATION I WOULD REMIND YOU THAT THE VIEWS EXPRESSED ABOVE ARE THOSE OF THE UNDERSIGNED AND DO NOT CONSTITUTE A FORMAL OPINION OF THE ATTORNEY GENERAL IF YOU HAVE ANY QUESTIONS PLEASE FEEL FREE TO CONTACT ME.
(REBECCA RHODES)